**UNITED STATES DISCOURT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Kenneth McArdle, | : | |
| | : | Case No. 3:11-CV-01280 |
| Plaintiff | : | |
| | : | (Judge Mannion) |
| v. | : | (Magistrate Judge Arbuckle) |
| | : | |
| Akbar F. Ahmed, M.D., | : | |
| | : | |
| Defendant | : | |

**ORDER**

Before the Court is a Stipulated Agreement to Permit the Court to Conduct

an In Camera Review of Withheld Documents from the Credentialing File of Dr.

Ahmed. (Doc. No. 24). On January 17, 2013, this case was referred to a

Magistrate Judge for resolution. (Doc. No. 26). Having conducted a detailed *in*

*camera* review of these forty five itemized documents (documents 29 & 30 are

duplicates)[1] we conclude that these records all fall within one or more of the

claimed privileges and are not required to be produced.

**I.    BACKGROUND**

On July 8, 2011, Plaintiff Kenneth McArdle initiated this medical

malpractice action by filing a three count Complaint (Doc. No. 1) alleging: (1)

---

[1] Despite this minor error the Court would like to express appreciation to
defendant's counsel for the organized fashion in which the approximately 168
pages of documents were produced.

Reckless Conduct; (2) Failure to Obtain Informed Consent; and (3) Fraud, Concealment, and Misrepresentation.

The Plaintiff initially sought medical treatment from the Defendant on August 14, 2009 at the Pocano Medical Center. (Doc. No. 1 ¶ 9, 10). The Defendant diagnosed the Plaintiff with a right inguinal hernia, and recommended that the Plaintiff undergo surgery. (Doc. No. 1 ¶ 10).

On August 25, 2009, the Plaintiff underwent surgery to repair an inguinal hernia. (Doc. No. 1 ¶ 12). The surgery involved placing mesh in the area of the hernia to repair it. (Doc. No. 1 ¶ 12). The Plaintiff suffered no immediate complications, and was discharged the same day as the surgery. (Doc. No. 1 ¶ 13).

On March 10, 2010, the Plaintiff sought medical treatment from Dr. Matthew Indeck at Geisinger Wyoming Valley. (Doc. No. 1 ¶ 15). The Plaintiff was experiencing pain and numbness in his right groin. (Doc. No. 1 ¶ 15). The Plaintiff was diagnosed with "mesh complications with chronic pain." (Doc. No. 1 ¶ 16).

On April 9, 2010, the Plaintiff underwent a mesh repair surgery performed by Doctor Indeck. (Doc. No. 1 ¶ 17). During the course of the second surgery, the Plaintiff alleges that Doctor Indeck discovered no evidence of a right inguinal hernia. (Doc. No. 1 ¶ 17). The Plaintiff alleges that Dr. Indeck observed that mesh had been used in an operation performed on the Plaintiff's superficial inguinal ring

(instead of the internal inguinal ring) which the Plaintiff believes has resulted in permanent injuries. (Doc. No. 1 ¶ 17).

During the course of discovery in this case the plaintiff requested the Credentialing File of the defendant Doctor Ahmed from the Pocono Medical Center. (Doc. No. 24 ¶ 2). On November 6, 2012, the defendant produced documents responsive to the plaintiff's request. (Doc. No. 24 at 20). Defendant's response included the production of non-privileged portions of Doctor Ahmed's credentialing file as well as a privilege log. (Doc. No. 24 ¶ 3). On January 14, 2013 the parties filed a stipulated agreement that the credentialing documents not produced be reviewed *in camera* by the Court in order to make a determination of whether any of the withheld documents are discoverable. On February 7, 2013, we received this *in camera* submission, which consists of forty-five (45) itemized documents, reflecting the portions of the credentialing file of Dr. Ahmed that were withheld.

## II. DISCUSSION

Several basic guiding principles inform our resolution of this discovery dispute. Decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski

v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions

regarding the conduct of discovery, and whether to compel disclosure of certain

information, will be disturbed only upon a showing of an abuse of discretion.

Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-

reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs.
> Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572,
> 585 (D.N.J.1997). When a magistrate judge's decision involves a
> discretionary [discovery]  matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United
> States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a
> magistrate judge's discovery ruling "is entitled to great deference and
> is reversible only for abuse of discretion." Kresefky v. Panasonic
> Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also
> Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45
> (N.D.N.Y.1999) (holding that discovery rulings are reviewed under
> abuse of discretion standard rather than de novo standard); EEOC v.
> Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a
> magistrate judge's resolution of discovery disputes deserves
> substantial deference and should be reversed only if there is an abuse
> of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the

outset, it is clear that Rule 26's broad definition of that which can be obtained

through discovery reaches any "nonprivileged matter that is relevant to any party's

claim or defense." Therefore, valid claims of relevance and privilege still cabin and

restrict the court's discretion in ruling on discovery issues. Furthermore, the scope

of discovery permitted by Rule 26 embraces all "relevant information" a concept

which is defined in the following terms: "Relevant information need not be

admissible at trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence."

## III.   CONCLUSION

Having conducted a detailed in camera review of these forty five itemized

documents we conclude that these records all fall within one or more of the

claimed privileges and are not required to be produced.

**SO ORDERED.**

*s/ William I. Arbuckle, III*
William I. Arbuckle, III

Dated: March 7, 2013                    U.S. Magistrate Judge